IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
January 4, 2017 Session

**STATE OF TENNESSEE v. ANGELA CARRIE PAYTON HAMM
and DAVID LEE HAMM**

**Appeal from the Circuit Court for Obion County
No. CC-16-CR-15     Jeffrey Parham, Judge**

**No. W2016-01282-CCA-R3-CD**

ALAN E. GLENN, J., dissenting.

I dissent from the majority opinion for reasons which I will explain.

The majority is correct that there is a split of authority as to whether reasonable suspicion must exist before a search may be made pursuant to a probation order providing that, as a condition of probation, the probationer is subject to warrantless searches. See Jay M. Zitter, Validity of Requirement That, as Condition of Probation, Defendant Submit to Warrantless Searches, 99 A.L.R.5th 557 (2002). However, I do not believe it is necessary for this court to make a determination as to this question, for it is clear that the officers had reasonable suspicion to search Angela Hamm's residence.

Regarding the addictive nature of methamphetamine, the Tennessee Court of Appeals has explained:

"Methamphetamine is powerfully addictive. It has one of the highest recidivism rates of all abused substances. Research demonstrates that a severe methamphetamine abuser's brain functioning does not return to normal for up to one year after the abuse ends. According to Dr. John Averitt, a psychologist and drug treatment counselor in Cookeville, Tennessee, "[a] chronic meth user's brain is never the same again. Normal pleasures, like a trip to the beach or a pleasant meal, no longer feel good. You've got to keep using the drug to feel that pleasure, or take the drug to stop the terrible feelings that result." For these reasons, the Tennessee Governor's Task Force recommends treatment programs with durations of at least twelve months to help recovering methamphetamine addicts."

In the matter of April F., Dylan F., and Devin F., No. W2010-00803-COA-R3-PT, 2010 WL 4746245, at *5 n.9 (Tenn. Ct. App. Nov. 22, 2010) (quoting In re M.J.M., JR., L.P.M., & C.A.O.M., No. M2004-02377-COA-R3-PT, 2005 WL 873302, at *10 (Tenn. Ct. App. Apr. 14, 2005)).

Considering the totality of the circumstances, it is clear that the officers had reasonable suspicion to make the limited search of the Defendants' residence. They knew that Angela Hamm was on probation for the manufacture of a controlled substance and had received information from sources, of uncertain reliability, that she was in possession of methamphetamine, a powerfully addictive drug. So, officers went to the residence and, not receiving a response to their knock, asked a teenaged boy in the yard if others were present. He replied that they were in a shop behind the house, which officers then entered. They saw three men, monitoring feeds from four surveillance cameras aimed around the residence. One of the men quickly turned off the monitor, after seeing the officers, and then denied that it had been turned on. Given all of this, the officers clearly had reasonable suspicion that Angela Hamm had returned to the drug business. Thus, their search of the Defendants' residence was permitted by the probation order.

I further disagree with the majority in concluding that officers did not have the right to seize items, apparently, of David Hamm, who was not on probation. In fact, it is difficult to envision how they could have avoided doing so, since the Defendants shared a bedroom and a closet. Thus, under the doctrine of common authority, I believe that David Hamm's drugs were lawfully seized as well.

Accordingly, I would reverse the trial court's determination that the search and the seizure of the drugs were unlawful and would reinstate the indictment as to both Defendants.

_____
ALAN E. GLENN, JUDGE